```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
TRUSTEES OF THE PLUMBERS AND         : 14 Civ. 0958 (JGK) (JCF)
STEAMFITTERS LOCAL 21 BENEFIT        :
FUNDS,                               :           REPORT AND
                                     :         RECOMMENDATION
             Plaintiffs,             :
                                     :
     - against -                     :
                                     :
NORTHEAST MECHANICAL SERVICES INC.,  :
                                     :
             Defendant.              :
- - - - - - - - - - - - - - - - - - -:
```
TO THE HONORABLE JOHN G. KOELTL, U.S.D.J.:

    This is an action brought by Trustees of the Plumbers and Steamfitters Local 21 Benefit Funds ("Trustees") pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act ("Taft-Hartley Act"), 29 U.S.C. § 185, and for breach of labor contract, to collect delinquent contributions owed by Northeast Mechanical Services Inc. ("Northeast").

    Following entry of a default judgment, the case was referred to me for an inquest on damages, and a hearing was held on August 28, 2014. Despite being afforded notice of the hearing, Northeast did not appear. The following findings are therefore based on the evidence presented at the hearing and on the information submitted by the plaintiffs.

Background

    Northeast is a corporation created and existing pursuant to the laws of the State of New York, with a principal place of business in Peekskill, New York. (Complaint ("Compl."), ¶ 10).

1

Trustees are fiduciaries of jointly administered, multi-employer, labor management trust funds ("Funds"), established and maintained by the Plumbers and Steamfitters Local 21 ("Union") (Compl., ¶ 5). Pursuant to the Collective Bargaining Agreement ("C.B.A.") between the Union and Northeast, Northeast is obligated to submit contribution reports and remit monetary contributions to the Funds in exchange for fringe benefits to eligible employees, retirees, and their dependents.  (Compl., ¶¶ 5-12). Notwithstanding these obligations, Northeast failed to remit the full amount of contributions required under the C.B.A. for the period of January 2012 through June 2013.  (Compl., ¶¶ 13-15).

The plaintiffs filed the instant action on February 18, 2014. When the defendant failed to answer, a default judgment was entered and the case was referred to me for an inquest on damages.

Discussion

    A.   Jurisdiction

As this case arises under ERISA, the Court has jurisdiction pursuant to 29 U.S.C. § 1132(e)(1) and (f), as well as federal question jurisdiction under 28 U.S.C. § 1331.  The court also has jurisdiction under Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185(c), and derivative jurisdiction under 28 U.S.C. § 1337(a), as this is a civil action arising under an act of Congress regulating commerce and the defendant is an employer whose activities affect commerce within the meaning of the Taft-Hartley Act.  Finally, Northeast is subject to personal jurisdiction in this Court because it is a New York corporation.  See New York Civil Practice Law and

Rules ("CPLR") § 301.

B.   Liability

Where, as here, the defendant has defaulted, all of the facts alleged in the complaint, except those relating to the amount of damages, must be accepted as true.  Robinson v. Sanctuary Record Groups, Ltd., 542 F. Supp. 2d 284, 289 (S.D.N.Y. 2008), vacated on other grounds, 383 F. App'x 54 (2d Cir. 2010); Gucci America, Inc. v. MyReplicaHandbag.com, No. 07 Civ. 2438, 2008 WL 512789, at *1 (S.D.N.Y. Feb. 26, 2008) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)).  In this case, the allegations of the Complaint establish Northeast's liability under ERISA and contractual breaches arising from the C.B.A.

The Funds are employee benefit plans as defined by ERISA under Sections 3(1)-(3) and 502(d)(1), 29 U.S.C. §§ 1002(1),(2),(3) and § 1132(d)(1).  They are established and maintained pursuant to the C.B.A. between the parties, and in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5)(l). (Compl., ¶ 5). Northeast is an employer as defined by ERISA Sections 3(5) and 515, 29 U.S.C. §§ 1002(5) and 1145, and is engaged in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185. (Compl., ¶ 9).  The Taft-Hartley Act authorizes employers to make periodic contributions to trust funds established for their employees through collective bargaining agreements, 29 U.S.C. § 186(c)(5), while Section 515 of ERISA obligates any employer bound by these agreements to pay contributions in accordance with its terms, 29

U.S.C. § 1145. The C.B.A. between the parties requires Northeast to make periodic contributions to the Funds on behalf of employees pursuant to a rate schedule set forth in the agreement. (Compl., ¶ 12). The defendant is liable under both ERISA, 29 U.S.C. § 1132(a)(3)(B)(ii), and the C.B.A. for its failure to remit the monetary contributions that became due to the Funds for the period of January 2012 through June 2013. (Compl., ¶¶ 14-15).

    C.    <u>Damages</u>

The plaintiffs are entitled to recover unpaid contributions as damages under the C.B.A. and ERISA. <u>See</u> 29 U.S.C. § 1132(g)(2)(A). The plaintiffs have presented evidence that Northeast's delinquent contributions for the period of January 2012 to June 2013 are as follows: $1,794.40 to the Administrative Fund, $6,864.72 to the Annuity Fund, $257.50 to the Building Fund, $1,625.29 to the Education Fund, $1,442.00 to the Health Reimbursement Assistance Fund, $232.50 to the Industry Fund, $154.50 to the Labor Management Cooperation Committee ("LMCC") Fund, $67.50 to the "Mrkt. Recov." Fund,[1] $103.30 to the PAC Fund, $20,225.88 to the Pension Fund, $3,353.68 to the Vacation Fund, and $36,727.42 to the Welfare Fund, for a total of $72,848.69. (Yusko Aff., ¶ 6 & Exh. G).

Under ERISA, the plaintiffs are entitled to interest on this deficiency at the rate prescribed by the C.B.A., 29 U.S.C. §

---

[1] While the delinquent contribution to the "Mrkt. Recov." fund is not listed in the affidavit submitted in support of damages, it appears to be included in the total (Affidavit of Roseann Yusko dated Aug. 15, 2014, ("Yusko Aff."), ¶ 16), and is evident in the "All Contributions Posting" document attached to the affidavit (Yusko Aff., Exh. G at 13-14). I will therefore include it in the calculation here.

1132(g)(2)(B), set here at ten percent. (Yusko Aff., ¶ 7; Policy for Collection of Delinquent Contributions, attached as Exh. C to Yusko Aff., at 7). This comes to $7,284.87. (Yusko Aff., ¶ 7). Finally, under ERISA, the plaintiffs are entitled to liquidated damages at a rate set forth under the agreement but not higher than twenty percent. 29 U.S.C. § 1132(g)(2)(C)(ii). The rate prescribed in the C.B.A. was equal to twenty percent of the amount owed (Yusko Aff., Exh. C at 7-8), for total liquidated damages of $14,569.74 (Yusko Aff. ¶ 7).

In sum, the plaintiffs are entitled to an award of $94,703.30 for unpaid contributions, interest, and liquidated damages.

D. <u>Attorneys' Fees and Costs</u>

When a plaintiff prevails in an action under ERISA for delinquent contributions, ERISA mandates an award of "reasonable attorney's fees and costs of the action, to be paid by the defendant." 29 U.S.C. § 1132(g)(2)(D). According to counsel's records, attorney Zachary Eagle spent 9.3 hours on this case at a billing rate of $300 per hour, for a total of $2,790.00. (Affirmation of Zachary Eagle dated June 3, 2014 ("Eagle Aff."), ¶ 10). Counsel also prepared and sent a notice of demand letter to Northeast at a cost of $500.00, bringing the total fees incurred to $3,290.00 (Eagle Aff. ¶ 10; Statement of Damages, attached as Exh. C to Eagle Aff.). According to counsel's records, the costs incurred for filing and process server fees totaled $650.00. (Eagle Aff., ¶ 6 & Exh. E). The time expended by counsel was reasonable, and the rates requested are commensurate with those

generally charged for similar work in this district. See, e.g., Sheehan v. Metropolitan Life Insurance Co., 450 F. Supp. 2d 321, 328 (S.D.N.Y. 2006) (approving rate of $300 per hour for associate of small firm in ERISA case). Therefore, the request for fees should be granted in full.

Conclusion

For the reasons set forth above, I recommend that judgment be entered against Northeast and in favor of the plaintiffs in the amount of $72,848.69 in unpaid contributions, $7,284.87 in interest, $14,569.74 in liquidated damages, $3,290.00 in fees incurred, and $650.00 in costs incurred, for a total of $98,643.30. The plaintiffs are entitled to postjudgment interest under 28 U.S.C. § 1961 on all sums awarded.

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable John G. Koeltl, Room 1030 and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          September 11, 2014

Copies mailed this date to:

Zachary Eagle, Esq.
Danielle M. Carney, Esq.
Barnes, Iaccarino & Shepherd LLP
3 Surrey Lane
Hempstead, NY 11550

Northeast Mechanical Services Inc.
The Atrium at Rae Park
8 John Walsh Boulevard, Suite 424
Peekskill, NY 10566